**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL O. ROBERTS PALADINO | |
| Appellant | No. 1468 WDA 2015 |

Appeal from the Judgment of Sentence July 29, 2015
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000437-2015

BEFORE:  SHOGAN, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 24, 2016**

Michael O. Roberts Paladino appeals from the judgment of sentence imposed on July 29, 2015, in the Court of Common Pleas of Beaver County.[1] This appeal returns to this Court following remand after Roberts Paladino's counsel, Kevin A. Kindred, Esquire, filed an **Anders**[2] brief without a petition to withdraw and without proof that he had provided proper notice to Roberts

---

[*] Former Justice specially assigned to the Superior Court.

[1] On November 4, 2015, this Court issued a *per curiam* order, directing compliance with Pa.R.A.P. 3517 (filing of docketing statement).  Thereafter, on November 25, 2015, this Court dismissed this appeal for failure to file a docketing statement.  Counsel then sought reinstatement of the appeal, which this Court granted on December 14, 2015.

[2] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

Paladino. We instructed counsel to file a Pa.R.A.P. 1925(b) statement or a Pa.R.A.P. 1925(c)(4) statement of intent to file an *Anders* brief, and to file either an advocate's brief or an *Anders* brief and a petition for leave to withdraw. *See Commonwealth v. Roberts Paladino*, ___ A.3d ___ [1468 WDA 2015] (Pa. Super. June 9, 2016) (unpublished memorandum). Presently, counsel, has filed a Rule 1925(c)(4) statement with the trial court, and has filed an *Anders* brief and a petition for leave to withdraw from representation in this Court.[3] Based upon the following, we affirm the judgment of sentence and grant the petition for leave to withdraw.

The charges against Roberts Paladino arose as a result of his computer activity between December 24, 2014 and February 26, 2015. On April 15, 2015, Roberts Paladino entered an open guilty to charges of sexual abuse of children – distribution of child pornography (3 counts), sexual abuse of children – possession of child pornography (10 counts), and criminal use of communication facility, all graded as felonies of the third degree.[4] Following

---

[3] We also instructed counsel to include a Pa.R.A.P. 2119(f) statement in the brief because the sentencing issue discussed in the original *Anders* brief implicated the discretionary aspects of the sentence. *See Commonwealth v. Roberts Paladino*, ___ A.3d ___ [1468 WDA 2015] (Pa. Super. June 9, 2016) (unpublished memorandum). We note that while counsel filed a new *Anders* brief, counsel **did not** include a Rule 2119(f) statement in the brief, and continued to refer to the issue as "the legality of the sentence" under the new heading "Discretionary Aspects of Sentence." *Anders* brief at 10-11.

[4] 18 Pa.C.S. §§ 6312(c), 6312(d), and 7512(a), respectively.

an assessment hearing, the trial court found Roberts Paladino to be a Sexually Violent Predator (SVP). The trial court sentenced Roberts Paladino to an aggregate term of 30 to 84 months' incarceration, and seven years' probation. Specifically, the trial court sentenced Roberts Paladino to concurrent terms of 30 to 84 months' imprisonment on Counts 1-3, and concurrent terms of seven years' probation on Counts 4-14, to run consecutive to the sentences imposed on Counts 1-3. On August 13, 2015, Robert Paladino's counsel filed a post-sentence motion that challenged the discretionary aspects of the sentence.[5] The trial court denied the motion on August 26, 2015, and this appeal followed.

When counsel files a petition to withdraw and an accompanying *Anders* brief, we must examine the request to withdraw before addressing any of the substantive issues raised on appeal. *See Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015). Therefore, we reiterate

---

[5] Specifically, the post-sentence motion averred, in part:

> The sentencing guidelines, which incorporated [Roberts Paladino's] prior conviction, called for a standard sentencing range of 6 months to 14 months on Counts 1-13 and 1 month to 12 months on Count 14.

> It is the position of [Roberts Paladino] that the Court's sentence of 30 months to 84 months on Counts 1, 2, and 3 unlawfully extended the minimum sentence beyond the standard and [aggravated] range.

Roberts Paladino's Post-Sentence Motion, 8/13/2016, at ¶¶3-4.

the principles set forth in our prior memorandum: Pursuant to **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), the procedural requirements counsel must satisfy in requesting to withdraw from representation are, as follows:

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Our review confirms counsel has technically complied with the requirements for withdrawal outlined in **Anders, supra**, and its progeny. Counsel has filed a petition for leave to withdraw and an **Anders** brief pursuant to the dictates of **Santiago, supra**.[6] We note the petition for

---

[6] In **Santiago**, the Pennsylvania Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's

*(Footnote Continued Next Page)*

leave to withdraw contains no specific averments, but simply references the *Anders* brief. In the *Anders* brief, counsel details his review of the record and sets forth his conclusion that the appeal is frivolous.[7] While counsel does not specifically track the *Anders* language of "making a conscientious examination of the record," his averment regarding his review substantially complies with *Anders*. *See Commonwealth v. Woods*, 939 A.2d 896, 899 (Pa. Super. 2007) (finding *Anders* compliance where counsel indicated he "made a thorough review of Appellant's case."). Moreover, the petition for leave to withdraw demonstrates that counsel has complied with the notice requirements for withdrawal by serving Roberts Paladino with a copy of the petition and *Anders* brief, and advising him by letter of his rights to retain

_(Footnote Continued)_ ——————————

> reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

[7] Counsel states in the *Anders* brief that "[t]here are no issues of arguable merit that could be raised on direct appeal presently before this Court." *Anders* Brief at 10. Further, regarding his review, counsel states:

> Counsel has requested and reviewed the transcripts of [Roberts Paladino's] guilty plea and sentencing. He has reviewed the lower court file and the client case file which includes correspondence from [Roberts Paladino]. Counsel has also met personally with [Roberts Paladino] regarding the appeal.

*Id.*

new counsel, proceed *pro se*, and raise any points in addition to those raised in the **Anders** brief.[8]

Furthermore, on July 20, 2016, counsel complied with our directive to file a Pa.R.A.P. 1925 statement, by filing in the trial court a Rule 1925(c)(4) statement of intent to file an **Anders** brief. **See Commonwealth v. McBride**, 957 A.2d 752, 758 (Pa. Super. 2008) ("[A]bsent the proper filing of any [Rule 1925] statement of record by [**Anders**] counsel, this Court cannot properly consider counsel's request to withdraw."). Accordingly, we will proceed to make an independent review of the record to determine whether the appeal is wholly frivolous.

Here, the **Anders** brief addresses three issues: the jurisdiction of the court, the discretionary aspects of the sentence, and the validity of the plea.

First, with regard to the jurisdiction of the court, counsel points out the complaint and criminal information both recite the situs of the offense as occurring in Beaver County, Pennsylvania. As such, counsel concludes there is no basis upon which to find that the Beaver County Court of Common Pleas lacked jurisdiction. **See Commonwealth v. Bethea**, 828 A.2d 1066, 1074 (Pa. 2003) ("[A]ll courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code."). We agree with counsel this issue is frivolous.

_____

[8] This Court has received no correspondence from Roberts Paladino.

- 6 -

Next, the **Anders** brief discusses the discretionary aspects of Roberts Paladino's sentence of three concurrent terms of 30 to 84 months' imprisonment. In this regard, counsel asserts: "The issue of the legality [sic] of the sentence imposed on [Roberts Paladino] is more problematic due to the apparent deviation from the standard sentencing guidelines as to counts one (1), two (2), and three (3). … The court did not acknowledge on the record any deviation from the standard sentencing range [of 6-14 months] or any reason for a deviation as to counts one (1), two (2), and three (3) in their individual capacity." **Anders** Brief at 11. Counsel states:

> In the aggregate, the court could have imposed a sentence as to the first three counts of 42 to 252 months and been within the standard sentencing range provided for those three counts. … As the aggregate sentence of 30 to 84 months as to counts one (1), two (2), and three (3) is within the aggregate standard sentencing range of 42 to 252 months, an argument that the sentencing court arrived at a manifestly unreasonable decision is without merit.

**Id.** at 12. As discussed below, we find this issue to be frivolous for reasons other than the reasons set forth by counsel in the **Anders** brief.

A challenge to the discretionary aspects of a sentence is not absolute, but rather "must be considered a petition for permission to appeal." **Commonwealth v. Best**, 120 A.3d 329, 348 (Pa. Super. 2015) (citations omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved [the] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of

appeal with respect to the discretionary aspects of sentence[9]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted).

Here, the notice of appeal was filed on September 18, 2015, purporting to appeal from the August 26, 2015 order, denying Roberts Paladino's post-sentence motion. We stated in our prior memorandum that the appeal properly lies from the judgment of sentence imposed on July 29, 2015. *See Roberts Paladino, supra* (unpublished memorandum, at 1 n.1). In addition, we noted the post-sentence motion was untimely filed on August 13, 2015, more than 10 days after the July 29, 2015, sentence. *See id.* at 3. We found a breakdown in the court's operation occurred because the trial court's August 26, 2015, order "'did not notify [a]ppellant that, due to the late filing of his post-sentence motion, he had to file an appeal within thirty days of the imposition of sentence.'" *Roberts Paladino, supra* (unpublished memorandum, at 5), *citing Commonwealth v. Patterson*, 940 A.2d 493, 499 (Pa. Super. 2007). Therefore, we declined to quash this appeal as untimely. *See Roberts Paladino, id.* Accordingly, we find the first requirement for review has been met.

---

[9] As noted earlier in this memorandum, Attorney Kindred failed to follow the Court's directive to file the requisite Rule 2119(f) statement.

Regarding the requirement of issue preservation, however, since the post-sentence motion was untimely, Roberts Paladino failed to preserve a challenge to the discretionary aspects of sentencing. **See** Pa.R.Crim.P. 720(A)(1) (providing that a written post-sentence motion "shall be filed no later than ten days after the imposition of sentence"). Even in the context of **Anders**, an appellant waives his challenge to the discretionary aspects of sentencing when he fails to preserve the issue in a timely post-sentence motion. **Commonwealth v. Cartrette**, **supra**, 83 A.3d at 1042 ("Absent [a timely post-sentence motion or claim raised during sentencing], an objection to a discretionary aspect of a sentence is waived."). Consequently, this sentencing issue is frivolous as it is not reviewable on direct appeal. **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

With regard to the validity of the plea, counsel asserts that "[o]n its face, there does not appear to be anything about the plea which would cause it to be invalid." **Anders** Brief at 12. We conclude this issue is frivolous, but again our reasoning differs from **Anders** counsel. "In order to preserve an issue related to the guilty plea, an appellant must either 'object[] at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion.'" **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) (citation omitted). Here, as no challenge

to the guilty plea was presented to the trial court, this issue is waived and, therefore, is frivolous.

Lastly, while Roberts Paladino identified to counsel an issue regarding counsel's advice to proceed to sentencing without testifying or offering witnesses, *see Anders* Brief at 13-14, we agree with counsel's assessment that such issue would not be an issue for direct appeal. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (claims of ineffectiveness of counsel are generally not ripe until collateral review.). In this regard, since Roberts Paladino may yet elect to file a petition under the Post Conviction Hearing Act (PCRA), 42 Pa.C.S. §§ 9541-9546, we have not addressed the merits of the claims that are frivolous due to waiver.

In conclusion, the issues identified by counsel are waived and/or frivolous, and our independent review of the record reveals no non-frivolous claims that might arguably support this direct appeal.

Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition for leave to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2016